UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOHNNY LEE JONES, III, | ) | |
| | ) | |
| Petitioner, | ) | 2:11-cv-00584-PMP-GWF |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| DWIGHT NEVIN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

**I.  *In Forma Pauperis* Application (ECF No. 1)**

Petitioner has filed a motion to proceed *in forma pauperis*.  (ECF No. 1).  Based on the information regarding petitioner's financial status, the Court finds that the motion to proceed *in forma pauperis* should be granted.

**II. Non-Exhaustion of State Court Remedies**

In the petition, petitioner admits that the grounds of the petition have not been presented to the state supreme court.  (ECF No. 1-1, at p. 1).  Petitioner alleges that the Nevada Supreme Court ruled that he is entitled to a *Lozada* remedy, but those proceedings have not concluded.  Petitioner asserts that he has been denied the right to appeal his conviction, claiming that the *Lozada* remedy is

somehow inadequate.  Petitioner reiterates throughout the petition that his state court remedies have not been exhausted.

A petitioner must first present his grounds for relief to a state court before a federal court may review the merits of the issues he raises.  A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.  *See Picard v. Conner*, 404 U.S. 270, 275-76 (1971)*; O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).  In the instant case, post-conviction proceedings, pursuant to the *Lozada* remedy, are currently proceeding in state district court.  Because petitioner has not exhausted his grounds for relief in state court, this action shall be dismissed.

### III. Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the

questions are adequate to deserve encouragement to proceed further. *Id.* This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. The Clerk **SHALL FILE** the petition for a writ of habeas corpus.

**IT IS FURTHER ORDERED** that the petition is **DISMISSED WITHOUT PREJUDICE AS UNEXHAUSTED**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

DATED: May 18, 2011.

_____
PHILIP M. PRO
United States District Judge